In The United States District Court for the Eastern District of Virginia

Riley Biro
Petioner,

V.

London County Sheriff,
mike Lee Chapman
Respondent.

Case No:_____
(to Be Added By the Clerk)

Affirmation on last page

Emergency Petion for habeas Corpus Relife from unlawful Detention occuring under Color of virginia State Law.

Petioner Riley Biro has Been Detained for over 300 Days in the London County Jail on false, Bad faith, Retigitory Accusations and Requests Federal Relife on the grounds his Right to a fair and Speed trial under Amendment VI of the U.S. Constitution has Been Violated.

In Support of this Claim Riley Biro introduces to the Court

Factual

—The Record of the ongoing Criminial Case, Both London County District Court warrants and Londanity County Circuit Court indictments.

—Record of underlying protective order Case Both oringiniql London County District Court Protective order Case and ongoing Circuit Court Appeal.

—Petioner's 12/21 Petion for habeas Relife from London County Circuit Court

The Petioner is indingent and intends to Supeona the Records from State Court Clerks office. I am entitled to copies under 9506§

Legal
- Barker v. Wingo 407 U.S. 514
- Cain V. Smith 686 F.2d 379 - Doesn't establish Compelling
- VA Supreme Court Rule    Case Law - Just an example of system working

although there are some signifigant factual Issues as it should that are not established on the Record the Petioner is confident that this court can find that his Right to a speedy trial has Been violated by a preponerance of evidence only considering Already established matters and therefore Does not Request a evidentary hearing. Petioner Request the writ be issued exparte in a timely manner.

This court has Jarisdiction over this Issue becauses 1) the detion and all a decent circumstancies occured or are occuring in this District. 2) The 6th Amendment to the US Constitution is a federal question 3) The Antiterrorism and effective death penalty act of          USC § ' Does not apply Because Defendent has never been convicted of a crime. 4.) The Defendent has sought Relife from the Virginia State courts and such Relife has not Been granted.    (SEE Attached history overview for concise Summary Of Record.)

Argument

The 6th Ammendment to the US Constitution gaurtee's ALL Defendents a Right to a fair and speedy trial. This is made applicable to the States and local goverments through section



1 of the 19th Amendmendment of US Constitution In Barker V. wingo 467 U.S. 514 the U.S. Supreme Court in it Landmark interpretation of the 6th Amendmendment Determined that ASsertaining whether a defendents 6th Amendment Right to a speedy trial has Been Violated is more aBstract than Determing whether other Rights have Been Violated. The US Supreme Court established a balencing test that weight's 4 factors to qqrote the maJority oppion writen by the honnorable Justice powell

SEE maJority oppion of Barker V wingo 407 U.S. 514

I Intended to qoate the portion of the raling framing the 4 factor Balencing test but I had trouble with the Jails nexus Letus online Law Liberary — it stoped working, I sincerly qoologize for any inconvince,

1.) Presumptoively preJdicial period of Time

The petioner has Been held in Jail for over 300 days on the Charges that he, Alledgedly Violated a court order, make threating statements and Committed a Assult that Resulted in no significant inJaries. The threating statements are Alledged to have occurred while the Jefendent has Been in Custody for a summairy false and unconstitutio Allegotion of violating a protective order. The defendedi has Not Been accused of a significant crime of Violence or theft or Destruction of maJor property.



2. Reason for Delay

The 4/7/21 trial for the first Alledged violation of a protective order was continued on the Commonwealth's motion after they failed to provide the petioner with evidence he was entitled to under a Supreme Court Rule 7:16C that he specifically requested by Counsel. The 4/28/21 trial was continued on the Commonwealth's motion Again. the 5/27/21 trial was effectively continued when the prosacutor nolle pros'ed the protective order violation and obstruction charges stating his intention to directly indict the petioner. the 8/30/21 trial was continued because the Commonwealth with held exculpatory evidence they later Admitted they had in their possession after they had blocked the petioner's other Avenues of access to it and the petioner explicitly requested it. the 11/1/21 trial was continued because the goverment had still failed to provide exculpatory evidence that had been specifically requested by the defendent after the Commonwealth had worked extensively to block the petioner's other Avenues of access to it. On 1/7/22 the prosacutor Admitted to the Court he had in his possession evidence that was requested that he had not turned over. The 1/18/22 trial was continued by the Court over the defedents objections.

3. Assertation of Right.

on 4/7/21 the defendent, by counsel objected to the Commonwealth's motion to continue. then protested the Courts order over objection. on the circa 8/24/21 emergency motion to dismiss for Commonwealth's the Defendent Asserted his Right to a speedy trial. on the late october 21 motion to continue the defendent Asserted his Right to a speedy trial. the defendent has further Asserted his Right to a speedy trial by filing a petion for habeas corpus in state court



## B. Bond Motions

Bond motions and bond appeals shall be filed with the Clerk and will be scheduled on the docket as priority matters.

## C. Thursday Criminal Docket Procedures

Criminal matters will be scheduled every Thursday according to the following structure:

9:00 a.m.   Misdemeanor Appeals
10:00 a.m. Pleas, Pleas combined with Sentencings, Pleas combined with Revocations
1:00 p.m.   Sentencings, Revocations and Criminal Motions

1. Misdemeanor Appeals: Misdemeanor Appeals will be directly scheduled on any Thursday at 9:00 a.m. by the District Courts at the time of the appeal, but no earlier than 21 days and no later than 60 days after the appeal date. No witnesses will be required to be subpoenaed on the first misdemeanor appeal date; the first date will be for discussion between parties/counsel; possible proposed agreed dispositions; and necessary further scheduling. For misdemeanor appeals that cannot be resolved short of trial, for efficiency of scheduling counsel and self-represented parties are encouraged to communicate in advance regarding time estimates for trial.

2. Pleas: At least seven (7) days prior to the scheduled hearing, parties may file a Criminal Docket Praecipe to docket a plea. For all felony guilty pleas, the parties must also file:

(a) a written plea form or agreement, or both;
(b) a detailed, written proffer of facts;
(c) if applicable, initialed copies of proposed amendments to warrants/indictments;
(d) if applicable, a waiver of indictment signed by the defendant; and
(e) if applicable, a Certification of Compliance with the Crime Victim and Witness Rights Act (Virginia Code §19.2-11.01).

3. Sentencings / Revocations: Sentencings and revocation hearings will be docketed by the Court and not by criminal docket praecipe. Any character letters, reference letters, exhibits, sentencing guidelines, restitution orders, and/or victim impact statements to be offered as an exhibit/evidence must be first discussed and/or provided to opposing counsel and filed with the Clerk at least seven (7) days prior to the hearing.

4. Criminal Motions: All motions are to be placed on the Thursday Motions Docket at 1:00 p.m. by Criminal Docket Praecipe. Motions are limited to 20 minutes total. Should a party believe argument and ruling on a motion will exceed 20 minutes, a time estimate

7

and moving to have his indictments dismissed for a constitutional speedy trial violation on 1/7/22.

4.) Prejdice

It has been extremely unfair that a teenager has spent close to a year in solitary confinement on the baseless charges of violating a baseless underlying protective order that was filed in retaliation against the petioner for reporting his principle for retaliating against him for using his 1st Amendment Right to freedom of speech and Attempting to deny him his federally guaranteed right to a free a public education. it has been prejudicial that the defendent has had to rot in jail while the corrupt goverment employees who wrongfully detained him are free at home living their lives. it is predjucial to society that Fylln is still on the lose, largely because petioner biro cannot charge him and others with conspiracy Against civil rights in violation of USC §18-241 and intimidation of a witness in violation of USC §181513 E and conspiracy to intimidate a witness in violation of USC §181513 F. Fylln's marxist ideals and mismanagement of storebridge highschool have harmed many others, it has made national news at least once. The delay has been predjudicial to the defense in that the Arresting officer testified under oath that she cannot remember the events surrounding the 3/15/21 threat charges this whole witch hunt is retalitory, oppressive and goes against the fonder's ideals and is exactly what the U.S. Costitution was written to prevent.

Therefore it is nessacary to grant the petioner a writ of habeas corpus and order he be released and the charges dismissed with prejudice.

Riley Biro, Pro SE
20 W market St. LeesBurg VA20176
X Riley Biro



## III. Facilities

### A. Courthouse Access

No parties, counsel or witnesses for a scheduled Remote Hearing may appear in-person at the Courthouse without prior leave of Court. The courthouse remains open to members of the press and to "court-watch" groups.

### B. Health and Social Distancing

By Order previously entered, the Loudoun County Circuit Court, the Loudoun General District Court, and the Loudoun Juvenile and Domestic Relations District Court, require all persons entering and remaining in all public areas of the Courthouse to wear a mask or face covering at all times over the nose and mouth. Anyone not wearing a mask will be provided one. Any person who refuses to wear a mask, even if they have a physician's letter, or other obvious reason why they should be excused from wearing a mask, will not be allowed to enter. If any excluded person is a party or necessary witness, court security shall inform the courtroom clerk and instruct the excluded person to remain pending further instructions regarding proposed alternatives to a personal appearance, such as a remote appearance, or possible continuance of the case.

Masks may only be removed in limited, exceptional circumstances in the discretion of the presiding judge. A judge may remove his or her mask to the extent that, in the judge's discretion, wearing one inhibits facilitating the judicial proceeding, or where there are health concerns.

In addition, all persons in the Courthouse must maintain six-foot social distancing from all other persons at all times, subject to exceptions for security and other approved reasons.

The presiding judge may, in the interest of public safety, limit the number of persons in the courtroom.

This Transition Plan replaces the First Transition plan and remains in effect until modified or vacated. To the extent prior orders of this Court conflict with the procedures and protocols set forth in this Transition Plan, this Transition Plan controls.

Dated: November 23 2020                    Approved: _____

                                           Douglas L. Fleming, Jr.
                                           Chief Judge

Summary of history: Biro v. Chapman

On 1/27/21 I wrote Stonebridge vice principle Heidi Hayes an email stating my intention to come to stonebridge highschool. She did not Reply. After Ariving at school Fylln came out of the school phyically posturing at me and screaming apparently angry about my conservative political beliefs. he stated he unenrolled me in school and 2 reported him to the VA Department of Education that afternoon and was in extensive Contact with department officials on friday 1/28/21. On 1/30/21 Fylln files a protective order Accusing me of "Coming at him." 2 DID not come at him, there is video proof of this. the 2/18/21 protective order hearing is Confirmed without me being told and he gets a default Judgement and 2 Appeal for a new hearing in Circuit Court. 3 hours later 2 Am Arrested on fake Accusations of violating a Protective order. the trial was set for 4/7/21 and 2 was given Bond. On 3/15/21 2 email pleadings in Realation to the ongoing protective order Appeal and within hours 2 am arrested. while in custody 2 have Been accused of Aditional minnor crimes. My trial has Be pushed Back over 5 times Because of underhanded, vindictive and unConstitutional prosacutoral Conduct. 2 have Been in Jail over 300 Days.

I, Riley Dyson Biro, swear under penalty of law (U5C§18              ) that All factual matters are true and Accurate to the Best of my Knowledge on this first of Febuary 2022. this Affirmation extends to the entire petion.

X Riley Biro